IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Zackary Ellis Sanders,<br>Care of KaiserDillon PLLC<br>1099 14th Street NW 8th Floor West<br>Washington, DC 20005<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION,<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535-0001<br><br>Defendant. | Civil Action No. 20-cv-3672 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.  Plaintiff Zackary Ellis Sanders brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel the production by Defendant Federal Bureau of Investigation ("FBI") of records responsive to his FOIA request for records.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1331.

3. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

4. Plaintiff Mr. Sanders is a United States citizen and resident of the state of Virginia.

5. Defendant FBI is a component of the U.S. Department of Justice ("DOJ"). DOJ is a Department of the Executive Branch of the U.S. government and an agency within the meaning of 5 U.S.C. § 552(f)(1). The FBI is headquartered in Washington, D.C. and has field offices throughout the country.

## FACTUAL ALLEGATIONS

### I. FOIA Requirements.

6. The purpose of FOIA is to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Public Citizen, Inc. v. Office of Management and Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010) (quotation marks omitted). In enacting FOIA, Congress intended to provide our citizenry full disclosure of federal agency records, so long as information is not exempted by clearly delineated statutory language. *Id.*

7. FOIA establishes a broad right of public access to federal agency records, subject only to nine delineated exemptions. 5 U.S.C. § 552(b). "Each agency, upon any request" for enumerated records must "determine within 20 days (excepting Saturdays, Sundays, and legal holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such a request" of the "determination and the reasons therefore." *Id.* § 552(a)(6)(A)(i). A requester "shall be deemed to have exhausted his administrative remedies"—and hence may file suit under the Act's citizen suit provision—"with respect to [a] request if the agency fails to comply with the . . . time limit" set forth in the statute for a substantive response. *Id.* § 552(a)(6)(C)(i).

### II. Mr. Sanders's FOIA Requests

8. On November 12, 2020, Mr. Sanders submitted a FOIA request, attached hereto as Exhibit A.

2

9. Mr. Sanders requested the following:

   a. All records relating to ▮▮▮ from January 2019 to the present. ▮▮▮ includes international law enforcement partners, including the Federal Bureau of Investigation (FBI). It has been widely reported that the ▮▮▮ and the FBI work together to investigate cybercrime.
   b. Administrative staff manuals and instructions to staff regarding ▮▮▮ from January 2019 to the present.
   c. Records relating to Internet Protocol (IP) addresses provided by the ▮▮▮ to the Federal Bureau of Investigation (FBI) as part of ▮▮▮, from January 2019 to the present.

10. Mr. Sanders further requested that the response include "all correspondence related to the above requests, including tips and information exchanged between the ▮▮▮ and the FBI, between the ▮▮▮ and the ▮▮▮ in Miami, and between the ▮▮▮ in Miami and the FBI."

11. In response, Mr. Sanders received an email confirmation from the FBI acknowledging receipt of his FOIA request, attached hereto as Exhibit B.

## CLAIM FOR RELIEF

12. The allegations in paragraphs 1-11 are incorporated by reference as if set forth in full herein.

13. Pursuant to FOIA, 5 U.S.C. § 552(a)(6)(A)(i), the FBI's response to Mr. Sanders's November 12, 2020 FOIA request was due within 20 working days of the FBI's receipt of the request. Such response was due on or before December 11, 2020. Within that time period, the FBI was required to determine whether to comply with the request and notify Mr. Sanders of that determination, the reasons therefore and the right to appeal any adverse determination. The FBI has failed to provide Mr. Sanders any written notice of any extension of the 20-day period under 5 U.S.C. § 552(a)(6)(B).

14. By reason of the FBI's failure to comply with the applicable time limits, as set forth in paragraph 13, Mr. Sanders is deemed, pursuant to 5 U.S.C. § 552(a)(6)(C)(i), to have exhausted his administrative remedies with respect to his November 12, 2020 FOIA request.

15. On information and belief, the requested records cannot lawfully be withheld from Mr. Sanders pursuant to any of the exemptions set forth in FOIA, 5 U.S.C. § 552(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Sanders prays that this Court:

A. Order Defendant FBI to conduct a search for any and all responsive records to Mr. Sanders's FOIA request using search methods reasonably likely to lead to discovery of all responsive documents;

B. Order the FBI to produce, on an expedited basis, any and all non-exempt responsive records and a *Vaughn* Index of any responsive records withheld under a claim of exemption;

C. Enjoin the FBI from continuing to withhold any and all non-exempt responsive records;

D. Order the FBI to waive any fees associated with complying with Mr. Sanders's FOIA request;

E. Award Mr. Sanders his costs and attorneys' fees for this action; and

F. Grant such further relief as the Court deems just and proper.

Dated: December 14, 2020                    Respectfully submitted,

/s/ Norman Anderson
Norman Anderson (D.C. Bar No. 1029679)
nanderson@kaiserdillon.com
Jonathan Jeffress (D.C. Bar No. 479074)
jjeffress@kaiserdillon.com
KaiserDillon PLLC
1099 14th Street NW 8th Floor West,
Washington, DC 20005
(202) 640-2850

*Counsel for Zackary Ellis Sanders*