UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ZACHARY ELLIS SANDERS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 20-3672 (ABJ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Civil Rule 7(h), Defendant Federal Bureau of Investigation ("FBI") submits the following statement of undisputed material facts in support of Defendant's Motion for Summary Judgment, which relies on the attached Declaration of Joseph E. Bender, Jr. ("Bender Decl.") and exhibits A through B attached to that declaration.

1. Plaintiff submitted a FOIA request to the FBI on November 12, 2020, seeking certain records Plaintiff claims pertain to the FBI's relationship with a foreign law enforcement agency. Compl. (ECF No. 1) ¶¶ 8-10; Bender Decl. ¶ 5.

2. With his FOIA request, Plaintiff seeks records he contends pertain to (1) a foreign law enforcement agency Plaintiff contends the FBI works with "to investigate cybercrime"; (2) staff manuals and instructions regarding the foreign law enforcement agency; (3) Internal Protocol addresses provided by the foreign law enforcement agency to the FBI; and (4) correspondence between the FBI and the foreign law enforcement agency. *See* Compl. ¶¶ 9-10.

3. On December 14, 2020, Plaintiff sued the FBI under FOIA, alleging that the FBI failed to timely respond to his FOIA request and was improperly withholding responsive records. *See* Compl. ¶¶ 13-15.

4. Plaintiff asks the Court to compel the FBI to search for and produce all non-exempt records in response to his FOIA request as well as a *Vaughn* index[1] for any responsive documents withheld pursuant to a FOIA exemption. *See* Compl. at Prayer for Relief.

5. By letter dated February 17, 2021, the FBI issued Plaintiff a *Glomar* response,[2] refusing to either "confirm []or deny the existence of records responsive to [his] request pursuant to FOIA Exemption" 7(E). Bender Decl. Ex. B.

6. Joseph E. Bender, Jr. is the Assistant Section Chief of the Record/Information Dissemination Section of the FBI's Information Management Division. Bender Decl. ¶ 1.

7. "Pursuant to 28 USC §§ 533, 534, and Executive Order 12,333 as implemented by the Attorney General's Guidelines for Domestic FBI Operations (AGG-DOM) and 28 CFR § 0.85, the FBI is the primary investigative agency of the federal government with authority and responsibility to investigate all violations of federal law not exclusively assigned to another agency, to conduct investigations and activities to protect the United States and its people from terrorism and threats to national security, and further the foreign intelligence objectives of the United States." Bender Decl. ¶ 14.

8. "Responding to Plaintiff's FOIA request with anything other than a *Glomar* response here, would require the FBI to disclose whether the FBI was coordinating or exchanging

---

[1] A "*Vaughn* index" "refer[s] to descriptions of [responsive] documents withheld." *Carter v. Dep't of Commerce*, 830 F.2d 388, 389 n.2 (D.C. Cir. 1987) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)).

[2] "A response to a FOIA request, in which an agency states that it can 'neither confirm nor deny' the existence of responsive records, is popularly referred to as a 'Glomar response,' after a case concerning a FOIA request for records relating to an underwater sea craft called the 'Glomar Explorer.'" *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 888 n.2 (D.C. Cir. 1995) (citing *Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir. 1976)).

information with a specific [foreign law enforcement agency] in the context of a specific alleged investigative matter." Bender Decl. ¶ 15.

9. Mr. Bender states in his attached declaration that "[a]ssuming for sake of argument the aforementioned alleged activity is true, records pertaining to the FBI's alleged interaction with the specific [foreign law enforcement agency] in the context of a particular investigative matter would be part of criminal and/or national security investigation(s) within the law enforcement duties of the FBI, and therefore, would be compiled for law enforcement purposes." Bender Decl. ¶ 15.

10. "Confirming or denying the existence or non-existence of responsive records to Plaintiff's request, including administrative staff manuals and instructions, would reveal non-public FBI techniques by revealing coordination (or lack thereof) between a specific [foreign law enforcement agency] and the FBI in a particular matter." Bender Decl. ¶ 18.

11. Revelation of the FBI coordinating with a specific foreign law enforcement agency would potentially "disclose the types of information the FBI is able to obtain from the specific [foreign law enforcement agency] and the types of cases it chooses to coordinate with the [agency]." Bender Decl. ¶ 18.

12. The types of information the FBI is able to obtain from a specific foreign law enforcement agency could provide "criminals/criminal organizations under investigation, details concerning the scope of collection and information gathering capabilities and strengths of the FBI, as well as identify vulnerabilities or weaknesses of the FBI and/or [foreign law enforcement agency] to exploit in these investigative areas/efforts." Bender Decl. ¶ 18.

13. If the FBI were to state that it had no records related to a specific foreign law enforcement agency, the assertion could also provide "criminals/criminal organizations under

investigation[] details concerning the scope of collection and information gathering capabilities and strengths of the FBI, as well as identify vulnerabilities or weaknesses of the FBI and/or [foreign law enforcement agency] to exploit in these investigative areas/efforts." Bender Decl. ¶ 18.

14. "If the FBI were to either confirm or deny the existence or non-existence of responsive records it would damage relationships with [foreign law enforcement agencies], potentially harm the free flow of pertinent investigative information and hinder the FBI's ability to investigate crimes and/or international crimes under scrutiny in ongoing investigation efforts." Bender Decl. ¶ 19.

15. "The FBI has never publicly and officially acknowledged coordination with or the receipt of information from the specific [foreign law enforcement agency] at issue in the context of the investigative matter described in Plaintiff's request." Bender Decl. ¶ 12.

16. Plaintiff has not referenced in his complaint specific information in the public domain that duplicates what he claims is being withheld. *See generally*, Compl.; *see also* Bender Decl. ¶ 12 (stating that the FBI conducted a full review of the public information Plaintiff references in his complaint and determined that none of that information "indicate[s] the FBI has ever publicly and officially acknowledged the existence of the specific information sought by Plaintiff in his FOIA request.").

\*   \*   \*

- 5 -

Dated: April 5, 2021
      Washington, DC

                                  Respectfully submitted,

                                  CHANNING D. PHILLIPS, D.C. Bar #415793
                                Acting United States Attorney

                                BRIAN P. HUDAK
                                Acting Chief, Civil Division


                                By:       /s/ *Michael A. Tilghman II*
                                MICHAEL A. TILGHMAN II
                                D.C. Bar #988441
                                Assistant United States Attorney
                                555 Fourth Street, NW
                                Washington, DC 20530
                                (202) 252-7113
                                Michael.Tilghman@usdoj.gov

                                *Attorneys for the United States of America*