UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ZACHARY ELLIS SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-3672 (ABJ) |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ERRATA

Defendant Federal Bureau of Investigation, by and through its undersigned counsel, respectfully informs the Court that on April 5, 2021, it mistakenly submitted a redacted copy of the Declaration of Joseph E. Bender, Jr. (the "Bender Declaration") (ECF No. 18-3) in support of Defendant's Motion for Summary Judgment (ECF No. 18) without attaching Exhibits A and B to that declaration. A redacted copy of the Bender Declaration, together with those exhibits, are attached to this Errata.

Dated:  April 5, 2021
        Washington, DC

                Respectfully submitted,

                CHANNING D. PHILLIPS, D.C. Bar #415793
                Acting United States Attorney

                BRIAN P. HUDAK
                Acting Chief, Civil Division


                By:         /s/ *Michael A. Tilghman II*
                    MICHAEL A. TILGHMAN II
                    D.C. Bar #988441
                    Assistant United States Attorney
                    555 Fourth Street, NW
                    Washington, DC 20530
                    (202) 252-7113
                    Michael.Tilghman@usdoj.gov

                *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZACHARY ELLIS SANDERS,

    Plaintiff,

       v.

FEDERAL BUREAU OF INVESTIGATON,

    Defendant.

Civil Action No. 20-cv-03672-ABJ

## DECLARATION OF JOSEPH E. BENDER, JR.

I, Joseph E. Bender, Jr., declare as follows:

(1)    I am the Assistant Section Chief ("ASC") of the Record/Information Dissemination Section ("RIDS"), Information Management Division ("IMD"), Federal Bureau of Investigation ("FBI"), Winchester, Virginia, and, in the absence of RIDS Section Chief, Michael G. Seidel, I serve as Acting Section Chief for RIDS.  I have held the position since December 2020.  I joined the FBI in October 2003, and prior to my current position, I was the Acting ASC from June 2020 to December 2020; Unit Chief, RIDS National Security Unit from January 2017 to May 2020; and an Assistant General Counsel (2003-2006) and Unit Chief (2006-2017), FBI Office of General Counsel ("OGC"), National Security and Cyber Law Branch.  In those capacities, I provided legal support to operational units of the FBI's National Security Branch. Prior to my joining the FBI, I served as a trial attorney in the U.S. Department of Justice, Tax Division, Southern Criminal Enforcement Section.  In that role, I participated in federal criminal enforcement litigations.  I am an attorney licensed in North Carolina and the District of

1

Columbia.

(2)      In my official capacity as ASC of RIDS, I supervise approximately 235 FBI employees, supported by approximately 94 contractors, who staff a total of ten (10) Federal Bureau of Investigation Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives.  The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)      Because of the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552.  Specifically, I am aware of the FBI's handling of Plaintiff's FOIA request for records related to ███████████

(4)      This declaration is submitted in support of Defendant's Motion for Summary Judgment, to provide the Court with an explanation of the administrative history of Plaintiff's request and explain the FBI's justification for neither confirming nor denying the existence of responsive records pursuant to FOIA Exemption 7(E), 5 U.S.C. § 552 (b)(7)(E).

## ADMINISTRATIVE HISTORY OF PLAINTIFF'S REQUEST

FBI FOIPA Request Number 1481134-000

2

(5) By electronic FOIA ("eFOIA")[1] dated November 12, 2020, Ms. Jade Chong-Smith on behalf of Plaintiff, Zachary Ellis Sanders, submitted a FOIA request to the FBI seeking:

> 1. All records relating to [█████████████] from January 2019 to the present.
>
> 2. Administrative staff manuals and instructions to staff regarding ████████ ██████ from January 2019 to the present.
>
> 3. Records relating to Internet Protocol ("IP") addresses provided by the █████ █████████████████████ to the Federal Bureau of Investigation ("FBI") as part of [███████████] from January 2019 to the present.
>
> 4. Records relating to the FBI's investigation of the hidden service █████████ from January 2019 to the present.

Plaintiff further requested "all correspondence related to the above requests, including tips and information exchanged between the █████ and the FBI, between the █████ and the █████ █████ in Miami, and between the ████████████ in Miami and the FBI."[2]  (ECF No. 8.)

(6) By letter dated November 18, 2020, the FBI acknowledged receipt of Plaintiff's FOIA request and notified Plaintiff it had assigned his request FBI FOIPA Request Number

---

[1] An eFOIA is an electronic means by which requesters can submit FOIA requests to the FBI, online, through the FBI's public website, www.FBI.gov.

[2] Plaintiff's Complaint does not challenge the FBI's determination concerning the fourth bulleted item from his request concerning █████████ The FBI advised Plaintiff by letter dated November 18th it was opening subject ████████ under a separate FOIPA request number (FOIPA Request No. 1481157). By letter dated February 12, 2021, the FBI issued a FOIA Exemption (b)(7)(E) Glomar response with regard to subject ████████ Plaintiff did not include subject ████████ in his Complaint that is the subject of this litigation; therefore, the FBI will not further discuss actions taken with regard to this subject.

1481134-000.  The FBI also informed Plaintiff of the following: Plaintiff submitted his request

via the FBI's eFOIPA system; the FBI determined it was not consistent with the FBI eFOIPA

terms of service, and future correspondence would be sent through the mail; and for the purpose

of assessing any fees, the FBI determined as a general (all other) requester, Plaintiff would be

charged applicable search and duplication fees.  The FBI informed Plaintiff he could check the

status of his request and/or contact the FBI with any questions at www.fbi.gov/foia.  In addition,

the FBI also informed Plaintiff he could appeal the FBI's response to the DOJ, Office of

Information Policy ("OIP") within ninety (90) days of its letter, contact the FBI's public liaison,

and or seek dispute resolution services by contacting the Office of Government Information

Services ("OGIS").  **(Ex. A.)**

       (7)     On December 14, 2020, Plaintiff filed a Complaint in the instant action. (ECF No.

1.)

       (8)     On January 20, 2021, the court in Plaintiff's pending criminal case in the U.S.

District Court for the Eastern District of Virginia issued an order directing Plaintiff to take

prompt steps to seek permission from this court to file and place under seal his complaint and

redact certain information from his complaint.  (ECF No. 8.)  On January 22, 2021, Plaintiff filed

a redacted complaint and Exhibit A in the instant action. (ECF No. 9.)

       (9)     In response to Plaintiff's FOIPA request, by letter dated February 17, 2021, the

FBI informed Plaintiff it could neither confirm nor deny the existence of records responsive to

Plaintiff's request pursuant to FOIA Exemption 7(E), 5 U.S.C.§ 552 (b)(7)(E).  The FBI advised

Plaintiff that it is the FBI's policy to neither confirm nor deny the existence of any records which

would disclose the existence or non-existence of non-public law enforcement techniques,

4

procedures, and/or guidelines.[3]  The acknowledgement that any such records exist or do not exist

could reasonably be expected to risk circumvention of law.  Thus, pursuant to FOIA exemption

(b)(7)(E), the FBI could neither confirm nor deny the existence of records detailed in Plaintiff's

request.  Finally, the FBI informed Plaintiff he could appeal the FBI's response to the DOJ, OIP

within ninety (90) days of its letter, contact the FBI's public liaison, and or seek dispute

resolution services by contacting OGIS.  **(Ex. B.)**

## JUSTIFICATION OF THE FBI's GLOMAR RESPONSE[4]

(10)    The FBI relies on a *Glomar* response in instances in which, assuming that

responsive records existed, even acknowledging their existence would result in harm protected

against by one or more FOIA exemptions.  To be credible and effective, the FBI must maintain a

*Glomar* response in all similar cases regardless of whether or not responsive records actually

exist, including instances in which the FBI does not possess records responsive to a particular

request.  If the FBI were to invoke a *Glomar* response only when it actually possessed responsive

records, then the invocation would be interpreted as an admission responsive records exist.

(11)    For reasons explained at greater length below, the FBI's *Glomar* response here is

justified because revealing the existence or non-existence of responsive records would disclose

techniques and procedures for law enforcement purposes or prosecutions, or disclose guidelines

---

[3] The FBI considers coordination between Foreign Law Enforcement Agencies ("FLAs") and the FBI a law enforcement technique.  Although it is publicly known the FBI coordinates generally with numerous FLAs, the specific matters the FBI coordinates with each specific FLA on is not publicly known.  Therefore, the type of alleged coordination described in Plaintiff's request, specific to a particular FLA and alleged investigative matter, constitutes a non-public law enforcement technique.

[4] The phrase "*Glomar*" stems from a case in which a FOIA requester sought information concerning a ship named the "Hughes Glomar Explorer," and the CIA refused to confirm or deny its relationship with the Glomar vessel because to do so would compromise the national security or divulge intelligence sources and methods.  *Phillipi v. CIA*, 655 F 2d. 1325 (D.C. Cir. 1981).

for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of law, *see* 5 U.S.C § 552 (b)(7)(E).

(12)    The FBI has never publicly and officially acknowledged coordination with or the receipt of information from the specific FLA at issue in the context of the investigative matter described in Plaintiff's request.  To constitute an official public disclosure of information, information must have been disclosed under circumstances in which an authoritative government official allowed the information to be made public.  Plaintiff has referenced numerous publicly available websites, articles, and other information in an effort to pierce the Glomar position held by the FBI in response to his FOIA request.  (ECF No. 13.)  The FBI has conducted a review of each of these and determined that none of these instances indicate the FBI has ever publicly and officially acknowledged the existence of the specific information sought by Plaintiff in his FOIA request.  To pierce the Glomar, the FBI (or its parent agency DOJ) would need to have officially and publicly acknowledged coordination between the FBI and the specific FLA in the context of the investigative matter requested.  Those circumstances are not present in this case.

## EXEMPTION 7 THRESHOLD

(13)    Before an agency can invoke any of the harms enumerated in Exemption (b)(7), it must first demonstrate that the records or information at issue were compiled for law enforcement purposes.  Law enforcement agencies must demonstrate the records are related to the enforcement of federal laws and the investigation or activity is within their law enforcement duty.

(14)    Pursuant to 28 USC §§ 533, 534, and Executive Order 12,333 as implemented by the Attorney General's Guidelines for Domestic FBI Operations (AGG-DOM) and 28 CFR § 0.85, the FBI is the primary investigative agency of the federal government with authority and

responsibility to investigate all violations of federal law not exclusively assigned to another agency, to conduct investigations and activities to protect the United States and its people from terrorism and threats to national security, and further the foreign intelligence objectives of the United States.

(15)     Responding to Plaintiff's FOIA request with anything other than a *Glomar* response here, would require the FBI to disclose whether the FBI was coordinating or exchanging information with a specific FLA in the context of a specific alleged investigative matter. Assuming for sake of argument the aforementioned alleged activity is true, records pertaining to the FBI's alleged interaction with the specific FLA in the context of a particular investigative matter would be part of criminal and/or national security investigation(s) within the law enforcement duties of the FBI, and therefore, would be compiled for law enforcement purposes. Additionally, acknowledging the existence or non-existence of administrative staff manuals and instructions to staff regarding this same matter would similarly disclose whether the FBI was coordinating or exchanging information with a specific FLA in the context of a specific alleged investigative matter because the FBI would not create such guidance if there were no need. Accordingly, records responsive to Plaintiff's request, should they exist, would readily meet the threshold requirement of FOIA Exemption (b)(7).

### (b)(7)(E) INVESTIGATIVE TECHNIQUES AND PROCEDURES

(16)     5 U.S.C. § 552 (b)(7)(E) provides protection for:

> law enforcement records [which]…would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

(17)     Exemption (b)(7)(E) protects non-public investigative techniques and procedures

7

utilized by the FBI to pursue its law enforcement and intelligence gathering missions, and also non-public details about techniques and procedures that are otherwise known to the public.

(18)    Confirming or denying the existence or non-existence of responsive records to Plaintiff's request, including administrative staff manuals and instructions, would reveal non-public FBI techniques by revealing coordination (or lack thereof) between a specific FLA and the FBI in a particular matter.  It would also disclose the types of information the FBI is able to obtain from the specific FLA and the types of cases it chooses to coordinate with the FLA. Intelligence and investigative information disseminated to the FBI from an FLA can be utilized to set leads in furtherance of the FBI's investigative efforts.  Merely acknowledging the types of information shared between the FBI and any specific FLA partner would reveal the FBI's capabilities and vulnerabilities when it comes to coordination and information sharing with certain FLAs; thus providing criminals/criminal organizations under investigation, details concerning the scope of collection and information gathering capabilities and strengths of the FBI, as well as identify vulnerabilities or weaknesses of the FBI and/or FLA to exploit in these investigative areas/efforts.

(19)    Intelligence and/or investigative information shared between the FBI and FLAs is often done so with the understanding that the FBI's relationships and/or the information shared by the FLA will remain confidential.  Even in instances when an FLA has authorized acknowledging their relationship with the FBI, that authorization does not typically extend to authorize acknowledgment in specific matters or revealing the very information provided by the FLA.  If the FBI were to either confirm or deny the existence or non-existence of responsive records it would damage relationships with FLAs, potentially harm the free flow of pertinent investigation information and hinder the FBI's ability to investigate crimes and/or international

8

crimes under scrutiny in ongoing investigation efforts.  If the FBI were to disclose information provided by an FLA in the context of any particular investigation it would cause other FLAs to hesitate to share their information with the FBI out of concern it will be disclosed.  Such disclosures not only diminish the effectiveness of such coordination; but if FLAs hesitate to provide information in the future as a result of unauthorized disclosures it could render this law enforcement technique ineffective and allow criminals to avoid detection and circumvent the law.

## CONCLUSION

(20)    The FBI reviewed Plaintiff's request subject to the FOIA and determined it has never confirmed nor denied it possesses records concerning ████████████ Confirming or denying the existence of such records now would present harms protected against by FOIA Exemption 7(E), 5 U.S.C. § 552 (b)(7)(E), as described above.  Therefore, the FBI can neither confirm nor deny the existence of records responsive to Plaintiff's request, pursuant to FOIA Exemption (b)(7)(E).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through B attached hereto are true and correct copies.

Executed this __1st__ day of April 2021.

JOSEPH E. BENDER, JR.
Assistant Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ZACHARY ELLIS SANDERS,

     Plaintiff,

               v.

FEDERAL BUREAU OF INVESTIGATON,

     Defendant.

---

Civil Action No. 20-cv-03672-ABJ

# Exhibit A



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

November 18, 2020

MRS. JADE ALEXANDRIA CHONG-SMITH
KAISERDILLON PLLC
8TH FLOOR WEST
1099 14TH STREET NORTHWEST
WASHINGTON, DC 20005

FOIPA Request No.: 1481134-000
Subject: ███████████
(On or After January 1, 2019)

Dear Mrs. Chong-Smith:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. Below you will find check boxes and relevant paragraphs about your request, as well as specific determinations required by these statutes. Please read each one carefully.

☑ Your request has been received at FBI Headquarters for processing.

☑ You submitted your request via the FBI's eFOIPA system.

☐ We have reviewed your request and determined it is consistent with the FBI eFOIPA terms of service. Future correspondence about your FOIPA request will be provided in an email link unless the record's file type is not supported by the eFOIPA system.

☑ We have reviewed your request and determined it is not consistent with the FBI eFOIPA terms of service. Future correspondence about your FOIPA request will be sent through standard mail.

☐ The subject of your request is currently being processed and documents will be released to you upon completion.

☐ Release of responsive records will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☐ Your request for a public interest fee waiver is being considered and you will be advised of the decision if fees are applicable. If your fee waiver is not granted, you will be responsible for applicable fees per your designated fee category below.

☑ For the purpose of assessing fees, we have determined:

☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

☐ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

☑ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

You also requested information regarding one or more third parties.   Please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).  The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This is our standard response to such requests and should not be taken to mean that records do, or do not, exist.  Please visit www.fbi.gov, select "Services," "Information Management," and "Freedom of Information/Privacy Act" for more information about making requests for records on third party individuals (living or deceased).

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.  Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.  Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.  If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."  Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Enclosed for your information is a copy of the Explanation of Exemptions.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
    Dissemination Section
Information Management Division

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

**U.S Department of Justice**

# Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 05/31/2023

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____ Social Security Number [3] _____

Current Address _____

Date of Birth _____ Place of Birth _____

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

## Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature [4]** _____ **Date** _____

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZACHARY ELLIS SANDERS,

     Plaintiff,

               v.                             Civil Action No. 20-cv-03672-ABJ

FEDERAL BUREAU OF INVESTIGATON,

     Defendant.

# Exhibit B

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 17, 2021

MRS. JADE ALEXANDRIA CHONG-SMITH
KAISERDILLON PLLC
8TH FLOOR WEST
1099 14TH STREET NORTHWEST
WASHINGTON, DC 20005

FOIA Request No.: 1481134-000
Civil Action No.: 20-cv-3672
Subject: eFOIA Request Dated 11/12/2020

Dear Ms. Chong-Smith:

This is in response to your Freedom of Information Act (FOIA) request, made on behalf of Zachary Ellis Sanders. Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA (Freedom of Information/Privacy Act) Addendum for standard responses applicable to all requests. Please read each item carefully.

The FBI can neither confirm nor deny the existence of records responsive to your request pursuant to FOIA Exemption (b)(7)(E) [5 U.S.C.§ 552 (b)(7)(E)].

Please be advised that it is the FBI's policy to neither confirm nor deny the existence of any records which would disclose the existence or non-existence of non-public law enforcement techniques, procedures, and/or guidelines. The acknowledgment that any such records exist or do not exist could reasonably be expected to risk circumvention of law. Thus, pursuant to FOIA exemption (b) (7) (E) [5 U.S.C.§552 (b)(7)(E)], the FBI neither confirms nor denies the existence of records as detailed in your request.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter.  Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

Michael G. Seidel
Section Chief,
Record/Information
  Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.  Part 1 of the Addendum includes standard responses that apply to all requests.  Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.  Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**  Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].  FBI responses are limited to those records subject to the requirements of the FOIPA.  Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**.  To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].  The mere acknowledgement of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].  This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**  The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].  This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**  The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].  This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Records for Incarcerated Individuals.**  The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].  This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches.**  The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.  A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.  The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.  Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.  For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)    **FBI Records.**  Founded in 1908, the FBI carries out a dual law enforcement and national security mission.  As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Requests for Criminal History Records or Rap Sheets.**  The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.  These criminal history records are not the same as material in an investigative "FBI file."  An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.  For a fee, individuals can request a copy of their Identity History Summary Check.  Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.  Additionally, requests can be submitted electronically at www.edo.cjis.gov.  For additional information, please contact CJIS directly at (304) 625-5590.

(iv)    **National Name Check Program (NNCP).**  The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.  Please be advised that this is a service provided to other federal agencies.  Private Citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ