**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ZACKARY ELLIS SANDERS | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 20-cv-03672 (ABJ) |
| | * | |
| FEDERAL BUREAU OF | * | |
| INVESTIGATION | * | |
| | * | |
| Defendant | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

<u>**RULE 56(f) DECLARATION OF MARK S. ZAID, ESQ.**</u>

I, MARK S. ZAID, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.  I am a person over eighteen (18) years of age and competent to testify. I make this Declaration on personal knowledge and in support of the Plaintiff's Opposition to Defendant's Motion for Summary Judgment (filed April 5, 2021).

2.  I am primary counsel of record for the Plaintiff Zackary Ellis Sanders. I am admitted to practice law in the States of New York, Connecticut, Maryland and the District of Columbia, as well as the D.C. Circuit, Second Circuit and Fourth Circuit Court of Appeals, and numerous federal district courts throughout the United States.

3.  I am a recognized expert on the Freedom of Information Act ("FOIA"). I have been litigating FOIA cases since 1993, as well as utilizing FOIA myself for over thirty years. I have delivered countless speeches on FOIA processing and litigation, including on panels at the American Society of Access Professionals. I was appointed by the Archivist of the United States to serve a two year term (2014-2016) on the Federal FOIA Advisory Committee. I have taught the D.C. Bar Association's Continuing Legal

Education course on FOIA since 2003, as well as classes for other bar associations, and I was the co-editor of LITIGATION UNDER THE FEDERAL OPEN GOVERNMENT LAWS from 2002 – 2012.

4.   I also serve as the Executive Director of the James Madison Project and have served in that position since I founded the organization in 1998. JMP is a Washington, D.C.-based non-profit organization created for the primary purpose of educating the public on issues relating to intelligence gathering and operations, secrecy policies, national security and government wrongdoing. Much of the work undertaken by JMP involves litigation under disclosure acts such as FOIA. The principles underlying the objectives of the JMP are derived from the 1997 findings of The Commission on Protecting and Reducing Government Secrecy.

5.   Finally, I have been a lecturer at Johns Hopkins University since 2014, in the Global Security Studies program where I teach a masters level course on "Legal Issues in National Security & Intelligence" (which includes a class on FOIA).

## Procedural Background

6.   The Plaintiff, through other legal counsel, submitted a FOIA request to the Defendant Federal Bureau of Investigation ("FBI") on November 12, 2020, seeking certain records pertaining to FBI's relationship with a foreign law enforcement agency. This lawsuit was filed on December 14, 2020. By letter dated February 17, 2021, FBI issued a Glomar response, refusing to either "confirm []or deny the existence of records responsive to [his] request pursuant to FOIA Exemption" 7(E). It is this position that serves as the basis for FBI's Motion for Summary Judgment that is now pending and that Plaintiff challenges.

**The FBI Should Not Be Entitled To Summary Judgment At least
Until Limited Discovery Is Permitted To Challenge The Glomar Invocation**

7.   The FBI's declarant claims that "coordination between Foreign Law Enforcement Agencies ("FLAs") and the FBI [sic] a law enforcement technique. Although it is publicly known the FBI coordinates generally with numerous FLAs, the specific matters the FBI coordinates with each specific FLA on is not publicly known. Therefore, the type of alleged coordination described in Plaintiffs request, specific to a particular FLA and alleged investigative matter, constitutes a non-public law enforcement technique. Declaration of Joseph E. Bender, Jr., at 5 fn.3, ECF Dkt. No. 19. But that is simply untrue.

8.   The Department of Justice, which is FBI's parent agency, routinely publicly acknowledges it engages in law enforcement operations and investigation with its foreign counterparts, especially with respect to matters of cybercrime in specific criminal cases. It is farcical to argue that such relationships are not ongoing, routine and officially acknowledged. See e.g., *https://www.justice.gov/opa/pr/three-germans-who-allegedly-operated-dark-web-marketplace-over-1-million-users-face-us* (2019 press release acknowledging cooperation with specific law enforcement agencies in Germany and Netherlands, Brazil and elsewhere)(last accessed April 17, 2021); *https://www.justice.gov/opa/pr/281-arrested-worldwide-coordinated-international-enforcement-operation-targeting-hundreds* (2019 press release acknowledging cooperation with specific law enforcement agencies in Ghana, Turkey, France, United Kingdom, Japan and elsewhere)(last accessed April 17, 2021; *https://www.justice.gov/*

*opa/pr/south-korean-national-and-hundreds-others-charged-worldwide-takedown-largest-darknet-child* (2019 press release acknowledging cooperation with specific law enforcement agencies in the Republic of Korea, United Kingdom and Germany)(last accessed April 17, 2021); *https://www.justice.gov/opa/pr/two-iranian-men-indicted-deploying-ransom ware-extort-hospitals-municipalities-and-public* (2018 press release acknowledging cooperation with specific law enforcement agencies in the United Kingdom and Canada)(last accessed April 17, 2021).[1] See also *https://www.justice.gov/opa/pr/us-and-uk-sign-landmark-cross-border-data-access-agreement-combat-criminals-and-terrorists* (2019 press release announcing new law enforcement relationship specifically with United Kingdom relating to electronic data regarding serious crime, including terrorism, child sexual abuse, and cybercrime).

9.   The focus of the particular records sought in Plaintiff's FOIA request, i.e., the existence of FBI's relationship with a foreign law enforcement agency, was officially and *publicly* acknowledged in United States of America v. Zackary Ellis Sanders, Criminal Action No. 20-143 (E.D.VA)(TSE). In a redacted but publicly available opinion, U.S. District Court Judge T.S. Ellis, III ruled upon a Motion to Suppress filed by the Plaintiff's counsel in his separate criminal proceeding. See Plaintiff's Opposition to Defendant's Motion for Summary Judgment at Exhibit "1" (redacted opinion dated October 26, 2020, and publicly issued October 29, 2020). In that opinion, the existence of FBI's relationship

---

[1] By identifying this generic sample of Department of Justice law enforcement press releases that discuss relationships with specific foreign countries and their law enforcement entities, neither the Plaintiff nor any of his legal counsel are in any way publicly suggesting that any one of these countries is involved with his parallel criminal proceeding from which a protective order applies. But the existence of these press releases and identification of relationships with foreign law enforcement agencies completely undermines FBI's Glomar invocation on the broad basis for which it asserted it.

with a FLA is clearly and explicitly acknowledged by way of citations to a sworn

affidavit from FBI, including the fact the relationship involved the receipt of information

about a particular IP address allegedly accessing online material that is the subject of the

criminal action. Id. at *1-*4. As an example, the FBI case agent specifically submitted an

affidavit to the Court that stated:

> The FLA is a national law enforcement agency of a country with an
> established  rule of law. There is a long history of U.S. law enforcement
> sharing criminal investigative information with the FLA and the FLA
> sharing criminal investigative information with U.S. law enforcement,
> across disciplines and including the investigation of crimes against
> children. The FLA advised U.S. law enforcement that it obtained that
> information through independent investigation that was lawfully
> authorized in the FLA's country pursuant to its national laws. The FLA
> further advised U.S. law enforcement that the FLA had not interfered with,
> accessed, searched or seized any data from any computer in the United
> States in order to obtain that IP address information. U.S. law enforcement
> personnel did not participate in the investigative work through which the
> FLA identified the IP address information provided by the FLA.

Id. at *4.

10.  While the Plaintiff views the existing evidence sufficient to defeat FBI's Motion

for Summary Judgment, if the Court is still not satisfied that FBI has too broadly invoked

Glomar, limited discovery should be permitted that is overseen by the Court with respect

to FBI's (and Department of Justice as its parent entity) public acknowledgment of its

relationship and ongoing cooperative activities with foreign law enforcement agencies in

specific criminal cases. There are countless FBI affidavits/declarations that have been

filed with federal courts across the country reflecting, just as acknowledged in Exhibit

"1", a relationship with a foreign law enforcement entity on specific criminal matters that

would undoubtedly further undermine FBI's broad Glomar invocation. These are

documents that are not available to the Plaintiff as it would be virtually impossible to

identify other than literally going through every single criminal case in every federal

district court. But FBI would easily be able to identify the numerous cases this would

apply to, particularly because it is often the same FBI agents (and/or legal attaches) who

participate in the investigations and submit the affidavits. Additionally, the press releases

themselves that are identified above point to an avenue of cases that would be relevant.

11. To be clear, the discovery, which could come in the form of interrogatories, document

production requests and/or F.R.C.P. Rule 30(b)(6) deposition, would not be seeking to reveal the

type of underlying information that is subject to the Plaintiff's FOIA request. The premise would

be to specifically challenge FBI's broad Glomar invocation and its argument that it has not

already publicly revealed the type of information being sought here.

I do solemnly affirm under the penalties of perjury and upon personal knowledge that

the contents of the foregoing paper are true to the best of my knowledge.

Date:   April 19, 2021


/s/*Mark S. Zaid*

_____

Mark S. Zaid